## STEVENS' EXECUTORS *vs.* STEVENS.

Under testamentary direction, executors set apart certain real and personal estate, sufficient to cover the aggregate amount of legacies to testator's children, and, under a mistaken apprehension of testator's intention, transferred the personal and conveyed the real estate to the guardian appointed by the will, whereas it was testator's will that the executors should take care of all property devised and bequeathed to his children, until the period fixed at which they were to become respectively entitled to its control and management. The guardian was decreed to convey the real estate and transfer the personalty to the executors, to be held by them on the trusts declared in the will.

---

On final hearing, on bill and answer.

*Mr. F. B. Ogden*, for complainant.

THE CHANCELLOR.

Edwin A. Stevens, deceased, by his will, and the codicil thereto, bequeathed to each of his children a certain legacy, and directed his executors to purchase certain real estate, and bonds and mortgages, rents, &c., to such an amount as would, with productive property standing in his name, amply cover, at least, the aggregate amount of those legacies. He further directed, that if such property should not be sufficient for the purpose, his executors should make up the deficiency by setting apart any railroad stock, or canal stock, or bonds, which he might own at the time of his death. He further directed, that none of his then infant children should have the control or management of their legacies, or of the income thereof, or of any property devised or bequeathed to them, until they respectively arrived, the sons at the age of twenty-four, and the daughters at the age of twenty-two, and that that provision should apply to the share or income which the children might "inherit" from each other. He further directed, that his wife, the defendant, should be guardian of his children, and added, " But, my desire is, that my executors shall, until the same become payable to my children, take care of all money and property devised and bequeathed to any of said children, except the income of each of them, which income their mother shall receive for their support and education, until the children, respectively, shall be entitled to the control and management of the property devised and bequeathed." The executors named in the will, Messrs. Shippen and Dod, and Mrs. Stevens, about the 1st of January, 1869, set apart to each of the children, out of the estate, real and personal, the amount of his or her legacy, and, instead of retaining the property in their own hands, conveyed it to Mrs. Stevens, in trust for the children, respectively. The personal property set apart to each, consisted of bonds and stocks. The bonds were transferred to Mrs. Stevens, by delivery, and the stocks, by transfer on the books of the corporation. The real estate was conveyed to her by separate deed, in fee, on the trust expressed in the deed, to hold the

property for the use and only benefit of the child, until he or she should arrive at the age designated in the will, and then to convey it to the child, in accordance with the provisions of the will. One of the children died in December, 1870, at the age of seven years. In making the transfers and conveyances to Mrs. Stevens, the executors supposed that they were acting in strict conformity with the intentions of the testator. Having ascertained that their construction was erroneous, they filed their bill for relief. Mrs. Stevens answered, admitting that the action of the executors was unauthorized, and contrary to the intention of the testator, and joining in the application for relief.

The will directs that the executors shall take care of all the property constituting the shares of the children (except the income, which is to be paid to Mrs. Stevens for their support and education), until the children shall, respectively, attain to the ages designated in the will as that at which they are to come into possession of their shares, and this provision equally applies to whatever the surviving children may become entitled to out of the share of any deceased child or children. The executors could not relieve themselves from the discharge of this duty by the transfers and conveyances which they have made to Mrs. Stevens. Those transfers and conveyances were, in fact, made, not for the purpose of or with a view to ridding themselves of their obligation, but under an honest supposition that they were thus executing the intention of the testator. Their application is eminently meritorious. It appears that nothing has occurred in any wise to affect the title to the property, except the death of the child above mentioned. It is the duty of the court to restore the legal title of the property transferred and conveyed to Mrs. Stevens, to the executors, in order that they may execute their trust. There will be a decree, that she convey the real estate to the executors and executrix, free from the trust declared in the deeds, to the end that the property may be held by them on the trust declared in the will, and that she transfer to them the personal property, to be held by them on the like trust.